J. H. STANTON & CO., PLAINTIFFS IN ERROR, V. JAMES G. SPENCE, CHARLES W. SPENCE, AND ELIZABETH SPENCE, DEFENDANTS IN ERROR.

1. **Practice in Supreme Court:** ERROR: PRESUMPTION. In a case brought on error to a district court, to reverse a judgment of that court reversing a judgment of a justice of the peace, and upon examining the petition in error to said justice of the peace and the record certified by him, it appears that there is reversible error assigned, it will be presumed by this court that it was upon such errors that the judgment of the justice was reversed, and not upon other errors assigned, which are believed not to be reversible.

2. **Justice of Peace:** DEFAULT: TRIAL. A judgment was rendered by a justice of the peace against S. and S., defendants. Within ten days R., attorney of S. and S., appeared before the justice, "offered to confess judgment for the costs in this case, and moved the court to set aside the default heretofore rendered in this case and set said cause for trial," which offer and motion was in writing and signed by attorney for the defendants. Whereupon the justice made the following entry in the docket of the case: "Motion sustained, default set aside, and trial set for the 8th day of May, 1886, at 1 o'clock in the afternoon of said day," signed officially by the justice. Notice being given thereof as provided by statute, on the 8th day of May, 1886, parties appeared, and on motion of plaintiffs the justice refused a new trial. *Held*, Error, and the judgment of the district court reversing the same affirmed.

ERROR to the district court for Cass county. Tried below before HAYWARD, J.

*J. H. Haldeman,* for plaintiffs in error.

*S. F. Rockwell,* for defendants in error.

COBB, J.

J. H. Stanton & Co. brought their action against James G. Spence, Charles W. Spence, and Elizabeth Spence, before C. H. King, a justice of the peace of Cass county. The defendants failing to appear as required by the summons, after waiting an hour, and they still failing to appear, their default was entered, and judgment rendered against them for the amount of the promissory note sued on with interest and costs.

On the same day, four hours after the rendition of said judgment, the defendants appeared by S. F. Rockwell, their attorney, and presented and filed the following paper:

"April 19, 1886, at 2 o'clock, P.M. Now comes the defendants, by their attorney, S. F. Rockwell, and offer to confess judgment for the costs in this case, and moves the court to set aside the default heretofore rendered in this case, and set aside cause for trial. S. F. Rockwell, attorney for defendants." Thereupon the said justice made the following entries in his docket: "Motion sustained, default set aside, and trial set for the 8th day of May, 1886, at 1 o'clock in the afternoon of said day." Thereupon notice of the setting aside of the judgment rendered by default, and for a new trial set for hearing on the 8th day of May, 1886, at 1 o'clock in the afternoon of said day, signed by S. F. Rockwell, attorney for the defendants, was served by the sheriff of the county on J. H. Haldeman, attorney for the plaintiffs, on the 20th day of April, 1886.

On the 8th day of May, at the hour set for trial, the parties appeared before the justice, and J. H. Haldeman, attorney for plaintiffs, filed the following motion: "Now come the plaintiffs by J. H. Haldeman, their attorney, and only appearing specially to object to the jurisdiction of the justice, and for no other purpose moves the said court to quash and hold for naught the proceedings pretending to set aside or open up the judgment heretofore rendered in the above entitled cause, on the 19th day of April, 1886, and to refuse a new trial for the following reasons:

"1. The judgment has never been set aside.

"2. The notice to plaintiffs, required by law, has not been given.

"3. The costs have not been paid by the defendants, and none of them have confessed judgment for costs as required by law.

"4. No judgment has been rendered against defendants for costs on confession.

"5. Conditions required by law to set aside the judgment and for a new trial have not been complied with by defendants, and the justice has no jurisdiction to again try the case.

"6. There has been no motion made by the defendants to set the judgment aside.

"7. More than ten days have elapsed since the judgment was rendered, and the judgment is still in full force." Signed by counsel.

Thereupon the justice made and entered the following proceedings: "Motion sustained. I find the judgment has not been set aside. The notice has not been given as the law requires. The costs have not been paid. Confession of judgment for costs has not been made. S. F. Rockwell had no authority to confess judgment for costs. Therefore, no judgment has been rendered against the defendant for costs. There has been no motion made on file to set aside the judgment. The conditions required by

law have not been complied with, and more than ten days have elapsed since judgment was rendered.

"Therefore adjudged and decided that the judgment heretofore rendered on April 19th, 1886, be and remain in full force and effect, costs taxed $1.35 against defendants." Signed by the justice:

On the 15th day of May, a transcript from the justice's docket containing the above statements and entries, together with a petition in error, was filed by the defendants in the district court. It is not deemed necessary to set out here the errors assigned in said petition in error. The said cause in error was regularly brought on to a hearing in the district court, and upon consideration thereof, the said judgment of the said justice was reversed.

And thereupon the said J. H. Stanton & Co. bring the cause to this court on error, and assign the following errors:

1. The court erred in reversing the judgment of the the justice of the peace.

2. The judgment of the justice of the peace should have been affirmed, and defendants in error should have been adjudged to pay the judgments.

3. The proceedings before the said C. H. King, justice of the peace, were regular and not erroneous.

4. The justice committed no error in rendering judgment without security for costs being given, and the judgment for $51.75 was not erroneous.

5. The findings of fact before the justice were sufficient.

6. The justice did not err in sustaining plaintiffs' motion, and in refusing a new trial, and the findings of the justice were proper and true.

7. The district court erred in the premises, and the judgment of the justice of the peace is in all things correct.

Section 1001 of the code of civil procedure provides that, "When judgment shall have been rendered against a defendant in his absence, the same may be set aside upon

the following conditions : *First,* That his motion be made within ten days after such judgment was entered. *Second,* That he pay or confess judgment for the costs awarded against him. *Third,* That he notify in writing the opposite party, his agent or attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial, at least five days before the time, if the party resides in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the trial."

The first point made by plaintiffs in error in the brief of counsel is as to the errors assigned by plaintiff in error in the court below, defendant in error here, in his petition in error in the court below. As to that point it must be conceded that no error of the justice in the preliminary proceedings or in the rendition of the judgment could be availed of by the defendant in the justice's court in a proceeding based upon the section above quoted, but it must be presumed that the consideration of such error was rejected by the district court.

The next point is, that the justice was right in his refusal to grant a trial of the cause for the reason that the attorney had no power or authority to confess judgment for the costs. While it will not be contended that an attorney at law, as such, has the power to appear in an original case and confess a judgment against ·his client, without written authority from his client so to do, the point here presented raises quite a different question, and while I know of no authority in point, certainly we are cited to none, I think that an attorney at law, by virtue of his employment as such in the case, or an agent by virtue of a verbal employment as such, possesses ample authority to take all the steps on the part of a defendant contemplated by the section of the statute above quoted. Counsel cites the case of *Baker v. Kincherbocker,* 25 Kan., 289. The section of the statute of Kansas under which that case

arose contains, in addition to the provision of our statute, the following: "Third, That he file an affidavit that he has a just and valid defense to the whole or some part of the plaintiff's claim." The decision in that case was placed expressly upon the ground, not that such affidavit could not be made by the attorney in the case, but that the affidavit there presented was defective, as an affidavit by a person other than the defendant, in that it did not state nor was it shown in the case what the facts were which constituted the defense, nor that the affiant had any knowledge of such facts, nor why one of the defendants did not make the affidavit.

It cannot be denied that it is the letter of the law that the defendant "pay or confess judgment for the costs awarded against him," but the spirit of the provision is, in the opinion of the writer, that the judgment for costs must be paid, or allowed to stand, as awarded against the defendant, while the body of the judgment will be conditionally set aside or opened up. The assent to this by the defendant, in person or by his attorney or agent, is all that is required in substance. Can it be doubted that the justice could, lawfully, have issued execution against the defendants for the costs awarded against them, immediately upon his sustaining the motion to set aside the default? I think not; and if that could have been done, then the purpose of the statutory provision was sufficiently subserved.

It is also contended that the justice "pretended to set the judgment aside, but not conditionally," that "this he had no jurisdiction to do. Hence all of his acts after judgment were a nullity." On the contrary, the apparent objection to the entry made by the justice in his docket is that he did not, in the terms of the statute, set aside the judgment even conditionally. I copy the following from the justice's transcript:

"April 19, 1886, at 2 o'clock P.M., now comes the defendants by their attorney, S. F. Rockwell, and offers to

confess judgment for the costs in this case, and moves the court to set aside the default heretofore rendered in this case and set said cause for trial.

"(Signed)            S. F. ROCKWELL,
"*Attorney for Defendants.*

"Motion sustained, default set aside, and trial set for the 8th day of May, 1886, at 1 o'clock in the afternoon of said day.

"(Signed)            C. H. KING,
"*Justice of the Peace.*"

While these papers can neither of them be commended as models to be followed by parties or justices, yet they do contain the substance both of the application and the order contemplated by the statute. The defendants had been sued before the justice and summoned to appear at 9 o'clock A.M., had failed to appear within the hour provided by law, and, as the justice recorded in his docket, "thereby making default," and such proceedings were had in the absence of said defendants that a judgment was rendered against them for $51.75, debt or damages, and $4.90, costs of suit. Four hours later the defendants appear before the justice and file the paper above copied. Can there be any doubt of their meaning, desire, and intention to avail themselves of the benefit of the provision of law contained in the section of statute hereinbefore quoted, to the end that they might make their defense and have a trial upon the merits? Or can there be any doubt that the justice so understood them and aimed to discharge his duty in the premises, and give defendants the benefit of the statute? While justices of the peace or other courts of limited jurisdiction will be held strictly to the jurisdiction and powers conferred upon them by law, yet in matters of form and mere method great latitude must be allowed them.

The notice appears to have been issued in due form, and properly and timely served, and I think on the day set by

the justice for that purpose, and named in the notice, he should have proceeded to the trial of the cause, and that his action on that day in reversing his own proceedings, his findings in respect thereto, and denying a new trial, were erroneous.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.